UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>HOLLI LUNDAHL,<br><br>Defendant. | 5:19-CR-50156-KES<br><br>REPORT AND RECOMMENDATION REGARDING DEFENDANT'S MOTION TO DISMISS AND MOTION TO STRIKE GOVERNMENT'S WITNESSES (DOC. 31) |

Pending is Defendant, Holli Lundahl's, *pro se* Motion to Dismiss and Motion to Strike Government's Witnesses (Doc. 31). Based on a careful consideration of all the evidence, and counsel's written arguments, the Court respectfully makes the following:

**RECOMMENDATION**

It is respectfully recommended that Defendant's Motion to Dismiss be granted in part and denied in part and Defendant's Motion to Strike Government Witnesses be denied.

## JURISDICTION

Defendant is charged in a Superseding Indictment with Theft of Government Property in violation of 18 U.S.C. § 641; Supplemental Security Income Benefits Fraud in violation of 42 U.S.C. § 1383a(a)(3)(A); and False Statement in violation of 18 U.S.C. § 1001.  The pending Motion was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Standing Order dated April 1, 2018.

## FACTUAL BACKGROUND

Ms. Lundahl was originally indicted on November 18, 2019.  (Doc. 1).  A Superseding Indictment was filed on January 22, 2020.  (Doc. 6).  Count I of the Superseding Indictment charges Theft of Government Property in violation of 18 U.S.C. § 641 for a time period on or about between January 1, 2014, and April 15, 2019.  Id.  Count II of the Superseding Indictment charges Supplemental Security Income Benefits Fraud in violation of 42 U.S.C. § 1383a(a)(3)(A) for a time period on or about between January 1, 2014, and April 15, 2019.  Id.  Count III of the Superseding Indictment charges False Statement in violation of 18 U.S.C. § 1001 for a time period of on or about March 28, 2019.  Id.  Count IV of the Superseding Indictment charges False Statement in violation of 18 U.S.C. § 1001 for a time period on or about between December 10, 2018, and December 20, 2018.  Id.

Ms. Lundahl's motion is separated into three sections: (1) a Motion to Dismiss Counts I, II, and Parts of III, as Barred by the Statute of Limitations; (2) a Motion to Dismiss Count II and Parts of Count III of the Indictment, *i.e.*

2

the Concealment Claim – As Impeached by Defense Exhibit "A" Attached to Doc. 25 in the Record; and (3) a Motion to Strike all Witnesses Presented on the Government's Witness List – that Lack Personal Knowledge Concerning any Events Post Dating the Statute of Limitations Date of November 28, 2014[1]. (Doc. 31). The Government opposes the motions, with the exception that it concedes it can file a Second Superseding Indictment to narrow the time frame on Count I to exclude charges arising before November 18, 2014. (Doc. 37 at p. 16).

## DISCUSSION

### I.  Motion to Dismiss Counts I, II, and Parts of Count III as Barred by the Statute of Limitations

Counts I, II, and III each charge a separate offense and varied time frames under the Superseding Indictment. (Doc. 6). However, the statute of limitations, applicable to each count, is found in 18 U.S.C. § 3282, which states the following: "Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed." Id. "In general, a criminal statute of limitations begins to run when each element of that offense has occurred." United States v. Bennett, 765 F.3d 887, 893 (8th Cir. 2014) (internal quotation omitted). There is, however, "a recognized exception to this rule for so-called continuing offenses. For those crimes, the statute of limitations does not begin

---

[1] The court will address *infra* why this date listed repeatedly in Ms. Lundahl's motion is incorrect as it pertains to the five-year statute of limitations.

3

to run when all elements are first present, but rather begins when the offense expires." United States v. Gonzalez, 495 F.3d 577, 580 (8th Cir. 2007) (internal quotation omitted).

"An offense is deemed 'continuing' for statute of limitations purposes only when (a) 'the explicit language of the substantive criminal statute compels such a conclusion'; or (b) 'the nature of the crime involved is such that Congress must assuredly have intended that it be treated as a continuing one.'" United States v. Henrikson, 191 F. Supp. 3d 999, 1001 (D.S.D. 2016) (quoting United States v. Yashar, 166 F.3d 873, 875 (7th Cir.1999); Toussie v. United States, 397 U.S. 112, 115 (1970)). "The hallmark of a continuing offense is that it perdures beyond the initial illegal act, and that 'each day brings a renewed threat of the evil Congress sought to prevent' even after the elements necessary to establish the crime have occurred." Henrikson, 191 F. Supp. 3d at 1001 (quoting Yashar, 166 F.3d at 875; Toussie, 397 U.S. at 115).

    a. Count I – Theft of Government Property

Count I of the Superseding Indictment charges Theft of Government Property in violation of 18 U.S.C. § 641 for a time period on or about between January 1, 2014, and April 15, 2019. (Doc. 6). Count I clearly alleges conduct that spans longer than five years from the date of the Indictment. The question then becomes whether the offense charged is barred, in part, by the statute of limitations; in other words, whether Count I is a continuing offense.

The Eighth Circuit Court of Appeals has not answered the question whether Theft of Government Property constitutes a continuing offense.

However, one court in the District of South Dakota has answered this very question in the negative. In Henrikson, the Court undertook a detailed analysis of other circuits as well as the Toussie factors established by the Supreme Court in determining whether an offense is a continuing offense. Ultimately, the Court held "Theft of government property as contained in the first paragraph of § 641 does not to constitute a continuing offense under Toussie for statute of limitations purposes."[2] United States v. Henrikson, 191 F. Supp. 3d 999, 1004 (D.S.D. 2016). Likewise, at least one other District Court in the Eighth Circuit has come to the same conclusion. See United States v. Reese, 254 F. Supp. 3d 1045 (D. Neb. 2017) (holding as a matter of first impression that Theft of Government Property was not a continuing offense for purposes of the applicable five-year statute of limitations).

      The Government admits "the charge in Count I may not constitute a continuing offense." (Doc. 37 at p. 16). The Government was candid in offering case law contrary to their interest, and further stated, "to the extent the defendant seeks to have the charge narrowed to time frames only after November 18, 2014, the United States will seek a Second Superseding Indictment." Id.

---

[2] The court notes that the District Courts in the Eighth Circuit are split on this issue. See e.g., United States v. Turner, No. 4:13-CR-00227-01-BRW, 2014 WL 641768, at *1 (E.D. Ark. Feb. 18, 2014) (holding Theft of Government Property is a continuing offense). However, Henrikson appears to be the only case in the District of South Dakota to take a stance on this issue.

Ms. Lundahl repeatedly states in her motion that the five-year statute of limitations date is November **28**, 2014. However, the court notes this date is incorrect. The government filed its original Indictment on November 18, 2019. Therefore, the appropriate statute of limitations for Count I pursuant to 18 U.S.C. § 3282 is November **18**, 2014. Accordingly, this court recommends granting Ms. Lundahl's Motion to Dismiss charges alleged in Count I of the Superseding Indictment that occurred prior to November 18, 2014, as they are barred by the statute of limitations. To the extent Ms. Lundahl's motion requests dismissal, on the grounds of statute of limitations, regarding Count I for the time period of November 18, 2014 – April 15, 2019, the court respectfully recommends denying her motion.

      b. <u>Count II – Supplemental Security Income Benefits Fraud</u>

Count II of the Superseding Indictment charges Supplemental Security Income Benefits Fraud in violation of 42 U.S.C. § 1383a(a)(3)(A) for a time period on or about between January 1, 2014, and April 15, 2019. (Doc. 6). Count II also alleges conduct that spans longer than five years from the date of the Indictment. The question then, like Count I, becomes whether the offense charged in Count II is a continuing offense.

The court notes foremost that Ms. Lundahl's argument does not rest on whether or not Count II is a continuing offense. Rather, she states "because the Government has not shown that Defendant concealed any assets, the Government is also time barred on the concealment claim identified in Count II of the Indictment." (Doc. 31 at p. 7). Ms. Lundahl is incorrect in her assertion

6

that the sufficiency of the Government's evidence is appropriately pursued through a Motion to Dismiss.

The court's role is not to dismiss an indictment "on the basis of predictions as to what the trial evidence will be." United States v. Ferro, 252 F.3d 964, 968 (8th Cir. 2001) (internal quotation omitted). "[S]o long as the indictment contains a facially sufficient allegation of materiality, federal criminal procedure does not provide for a pre-trial determination of sufficiency of the evidence." Id. (internal quotation omitted).

Furthermore, this court finds Supplemental Security Income Benefits Fraud in violation of 42 U.S.C. § 1383a(a)(3)(A) is a continuing offense, and therefore, not barred by the statute of limitations. The Eighth Circuit Court of Appeals does not appear to have addressed 42 U.S.C. § 1383a(a)(3)(A) in terms of a continuing offense.

However, although not considered under 42 U.S.C. § 1383a(2)(3)(A), the court in Henrikson, considered whether concealment and failure to disclose events that would cause the defendant to become ineligible for Social Security Disability Income benefits under 42 U.S.C. § 408(a)(4) was a continuing offense. Henrikson, 191 F. Supp. 3d at 1005. Like § 408(a)(4), the language of § 1383a(a)(3)(A) does not explicitly state the offense is continuing. However, the language of both statutes is nearly identical, and therefore, the rationale in determining § 408(a)(4) is a continuing offense, is likewise applicable to the analysis of § 1383a(a)(3)(A).

7

The court in Henrikson held the crime of concealment and failure to disclose regarding eligibility for social security benefits "by its nature, continues until the concealment is discovered or revealed. . . . No circuit split exists as to whether the concealment of events affecting benefits under 42 U.S.C. § 408(a)(4) constitutes a continuing offense for statute of limitations purposes. It does." Id. Other federal courts specifically considering § 1383a(a)(3)(A) indicate that Social Security Fraud is a "continuing offense" for statute of limitations purposes. See United States v. Banks, 708 F. Supp. 2d 622 (E.D. Ky. 2010); United States v. Wharton, No. CRIM. ELH-13-0043, 2014 WL 1430387, at *11 (D. Md. Apr. 10, 2014), aff'd, 840 F.3d 163 (4th Cir. 2016); United States v. Turner, No. 4:13-CR-00227-01-BRW, 2014 WL 641768, at *1 (E.D. Ark. Feb. 18, 2014); United States v. George, No. CR11-213Z, 2011 WL 4559122, at *2 (W.D. Wash. Sept. 29, 2011).

This court is persuaded to apply the analysis in Henrikson concerning the wording of a nearly identical statute, as well as the holdings from other District Courts in our sister circuits concerning 42 U.S.C. § 1383a(a)(3)(A). As such, this court finds Supplemental Security Income Benefits Fraud is a continuing offense. Accordingly, this court respectfully recommends denying Ms. Lundahl's Motion to Dismiss Count II of the Superseding Indictment as being barred by the statute of limitations.

  c. <u>Count III – False Statement</u>

Count III of the Superseding Indictment charges False Statement in violation of 18 U.S.C. § 1001 for a time period on or about March 28, 2019.

(Doc. 6). Ms. Lundahl argues "because the Government has not shown that Plaintiff made any false statement with respect to owning the Texas property, the Government is also time barred on the False Statement charge." (Doc. 31 at p. 7). As the court noted *supra*, a Motion to Dismiss is an improper avenue to challenge the sufficiency of the Government's evidence. See Ferro, 252 F.3d at 968. Furthermore, Ms. Lundahl cannot argue Count III is barred by the statute of limitations because the charge clearly falls well within the five-year statute of limitations. Cf. (Doc. 6) (stating the offense in Count III occurred on or about March 28, 2019) with (Doc. 1) (indicting Ms. Lundahl on November 18, 2019, approximately eight months after the alleged offense).

Accordingly, this court respectfully recommends denying Ms. Lundahl's Motion to Dismiss Count III of the Superseding Indictment as being barred by the statute of limitations.

**II.    Motion to Dismiss Count II and Parts of Count III of the Indictment, *i.e.* The Concealment Claim – as Impeached by Defense Exhibit "A" Attached to Doc. 25 in the Record**

Ms. Lundahl argues Count II and Parts of Count III should be dismissed because "Exhibit 'A' attached to Doc. 25 in the record shows that Defendant never concealed ownership of the Texas property." (Doc. 31 at p. 7-8). Exhibit A, attached at Docket Entry 25, is a fax transmission dated March 31, 2019, to Diana Broom, discussing among other property interests, the title for the Texas property. This court repeats the clear precedent from the Eighth Circuit Court of Appeals that the Federal Rules of Criminal Procedure do not provide for a pre-trial determination of the sufficiency of the evidence. See Ferro, 252 F.3d

9

at 968. This court will not repeat that analysis here, nor will it consider Ms. Lundahl's motions on the merits in so much that it requests the court dismiss the indictment on the predictions of what evidence the trial will procure.

Accordingly, this court respectfully recommends denying Ms. Lundahl's Motion to Dismiss Count II and Parts of Count III of the Superseding Indictment on the basis of the sufficiency of the Government's evidence.

### III. Motion to Strike All Witnesses Presented on The Government's Witness List – That Lack Personal Knowledge Concerning Any Events Post Dating the Statute of Limitations Date of November 28, 2014[3]

Finally, Ms. Lundahl's motion seeks to strike "all of the Government's witnesses identified in their discovery and that have no personal knowledge of the facts pertaining to the Texas property and the $25,000 furnishings/appliance credit contract must be stricken as incompetent witnesses." (Doc. 31 at p. 8). Specifically, Ms. Lundahl singles out the following witnesses: "Lisa Smith, Sue Davis, Smith County Appraisal District, and any other witnesses not listed above and predating the time bar date of 11/28/2014[4]." Id. at p. 9. Ms. Lundahl offers no supporting authority for such a motion. Such a dispute, regarding the evidentiary merit or admissibility of witness testimony, may be the proper subject of a Motion *in Limine* or cross-examination at trial, but is premature for a Motion to Dismiss. See e.g., United States v. Hulstein, No. CR 09-4028-MWB, 2010 WL 11534447, at *2 (N.D. Iowa June 9, 2010) (citing Luce v. United States, 469 U.S. 38, 41 n.4 (1984))

---

[3] The court again notes the appropriate statute of limitations is actually November **18**, 2014.
[4] Id.

("The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain evidence.").

Accordingly, this court respectfully recommends denying Ms. Lundahl's Motion to Strike Government Witnesses as pre-mature.

### IV. Request for a Hearing

#### a. Legal Standard for Hearing

"The baseline rule is that a criminal defendant has no absolute or presumptive right to insist that the district court take testimony on every motion." United States v. Schwarting, 14-CR-50100-JLV (D.S.D. 2018) (Doc. 293) (internal quotation omitted). "An evidentiary hearing on a motion need be held only when the moving papers allege facts with sufficient definiteness, clarity, and specificity to enable the court to conclude that contested issues of fact exist." Id. (internal quotation omitted).

#### b. Defendant Fails to Meet the Burden to Show a Hearing is Necessary

Here, Ms. Lundahl does not meet her burden of showing that an evidentiary hearing on the Motion to Dismiss and Motion to Strike Government Witnesses is necessary. As discussed at length *supra*, Ms. Lundahl has failed to show any evidence tending to show the existence of a meritorious reason to hold a hearing on the pending motions. Therefore, the court denies her requests for an expedited hearing on the Motion to Dismiss and Motion to Strike Government Witnesses. (Doc. 44).

## CONCLUSION

For the foregoing reasons, it is respectfully recommended that Defendant's Motion to Dismiss (Doc. 31) be granted in part and denied in part consistent with this Report and Recommendation and Defendant's Motion to Strike Government Witnesses (Doc. 31) be denied.

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require *de novo* review by the District Court. Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED this 15th day of April, 2020.

BY THE COURT:

*[signature]*

DANETA WOLLMANN
United States Magistrate Judge