# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH DAKOTA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 19-CR-50156-LRR |
| vs. | |
| HOLLI LUNDAHL, | **ORDER** |
| Defendant. | |

## *I. INTRODUCTION AND BACKGROUND*

The matter before the court is United States Magistrate Judge Daneta Wollmann's Report and Recommendation (docket no. 52). The Report and Recommendation recommends that the court grant in part and deny in part Defendant Holli Lundahl's pro se Motion to Dismiss and Motion to Strike Government Witnesses ("Motion") (docket no. 31).

On January 22, 2020, a grand jury returned a four-count Superseding Indictment (docket no. 6), charging Defendant with theft of government property in violation of 18 U.S.C. § 641 (Count I); Supplement Security Income benefits fraud in violation of 42 U.S.C. § 1383a(a)(3)(A) (Count II); and two counts of making a false statement in violation of 18 U.S.C. § 1001 (Counts III and IV). *See* Superseding Indictment at 1-3. On March 13, 2020, Defendant filed the Motion. On March 27, 2020, the government filed a resistance to the Motion. *See* docket no. 37. On March 31, 2020, Defendant filed a pro se reply. *See* docket no. 41.

On April 15, 2020, Judge Wollmann issued the Report and Recommendation. On April 21, 2020, Defendant filed pro se Objections to the Report and Recommendation ("Objections") (docket no. 53). On April 24, 2020, Defendant filed pro se Supplemental

Objections to the Report and Recommendation ("First Supplemental Objections") (docket no. 56). On April 28, 2020, Defendant filed pro se Second Supplemental Objections to the Report and Recommendation ("Second Supplemental Objections") (docket no. 58). On April 29, 2020, Defendant filed a pro se Third Supplemental Objections to the Report and Recommendation ("Third Supplemental Objections") (docket no. 59).

## II.  ANALYSIS

### A.  *Standard of Review*

Pursuant to statute, this court's standard of review for a magistrate judge's report and recommendation is as follows:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b)(1). Similarly, Federal Rule of Criminal Procedure 59(b) provides for review of a magistrate judge's report and recommendation on dispositive motions, where objections are made, as follows:

> The district judge must consider de novo any objection to the magistrate judge's recommendation. The district judge may accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions.

Fed. R. Crim. P. 59(b)(3). The statute governing review provides only for de novo review of "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). When a party fails to object to any portion of a magistrate judge's report and recommendation, he or she waives the right to de novo review. *See Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994).

### B. *Defendant's Objections*

In the Objections, Defendant argues that, "[g]iven there are no material facts plead in Counts I and II of the [Superseding] Indictment other than time frame, the [g]overnment may not proceed in these Counts as presently pleaded because they may not piggyback of the allegations in another count." Objections at 4.  Further, Defendant argues that she has filed evidence that attacks probable cause to bring the charges in Counts II and III of the Superseding Indictment. *See generally id*. at 4-5.  Defendant also asserts that the Superseding Indictment should be dismissed due to prosecutorial overreach. *Id*. at 6-8.  In the First Supplemental Objections, Defendant essentially reiterates the primary argument she made in her Objections, namely that the Superseding Indictment should be dismissed because the Superseding Indictment is based on "false evidence and testimony." *See generally* First Supplemental Objections at 1-9.  In the Second Supplemental Objections, Defendant, again, asserts that the Superseding Indictment should be dismissed because the Superseding Indictment lacks sufficient evidence to support the charges. *See generally* Second Supplemental Objections at 2-14.  Finally, in the Third Supplemental Objections, Defendant, repeats her previous arguments and contends that the Superseding Indictment should be dismissed because the Superseding Indictment is "based on false testimony and evidence before the grand jury." *See generally* Third Supplemental Objections at 2-9.  Defendant concludes that "[t]he [g]overnment did not challenge the facts established by Defendant's admissible evidence filed with the court and which showed a lack of probable cause to file any charges against Defendant, including a failure to state any criminal offense against Defendant as applied to Counts I, II and III of the Superseding Indictment." *Id*. at 9.

### C. *Analysis*

Reviewing the Defendant's Motion, Objections and Supplemental Objections, the court finds that the Objections and Supplemental Objections are much broader than the Motion and raise issues and arguments not asserted in the Motion.  Defendant's failure to raise such issues and arguments before Judge Wollmann means that the arguments are

waived. *See Ridenour v. Boehringer Ingelheim Pharm., Inc.*, 679 F.3d 1062, 1067 (8th Cir. 2012) (finding that, when a case is referred for a report and recommendation, it is proper for a district court to refuse to consider an argument not presented first to the magistrate judge). Accordingly, because Defendant's objections in her various filings are waived, the court shall overrule the objections.

Alternatively, the court considers Defendant's Objections and Supplemental Objections to essentially assert that the Superseding Indictment should be dismissed because the Superseding Indictment lacks probable cause, lacks sufficient evidence and/or is based on false testimony and evidence before the grand jury. *See* Section ***II.B*** of this Order (outlining Defendant's various arguments in the Objections and Supplemental Objections). The court finds Defendant's arguments to lack merit.

As Judge Wollamann pointed out in the Report and Recommendation, "clear precedent from the Eighth Circuit Court of Appeals [provides] that the Federal Rules of Criminal Procedure do not provide for a pre-trial determination of the sufficiency of the evidence." Report and Recommendation at 9 (citing *United States v. Ferro*, 252 F.3d 964, 968 (8th Cir. 2001)). Indeed, the Eighth Circuit explained in *Ferro* that, "so long as the indictment contains a facially sufficient allegation of materiality, federal criminal procedure does not provide for a pre-trial determination of sufficiency of evidence." 252 F.3d at 968. As Defendant bases her motion to dismiss and objections to the Report and Recommendation on her understanding and predictions of the evidence that will admissible at trial, the court finds that Defendant's arguments are premature and lack grounds for dismissing the Superseding Indictment. Accordingly, the court shall overrule the objections.

### III. CONCLUSION

In light of the foregoing, it is hereby **ORDERED**:

(1) The Objections (docket no. 53), Supplemental Objections to the Report and Recommendation (docket no. 56), Second Supplemental Objections to the Report and Recommendation (docket no. 58) and Third Supplemental

      Objections to the Report and Recommendation (docket no. 59) are **OVERRULED**;

(2)    The Report and Recommendation (docket no. 52) is **ADOPTED**;

(3)    Defendant's Motion to Dismiss (docket no. 31) is **GRANTED in part** and **DENIED in part** in accordance with the Report and Recommendation; and

(4)    Defendant's Motion to Strike Government Witnesses (docket no. 31) is **DENIED**.

**IT IS SO ORDERED**.

**DATED** this 12th day of May, 2020.

_____
LINDA R. READE, JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA