# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH DAKOTA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 19-CR-50156-LRR |
| vs. | **ORDER CONTINUING TRIAL** |
| HOLLI LUNDAHL, | |
| Defendant. | |

_____

The matter before the court is Defendant Holli Lundahl's pro se Motion to Continue Trial ("Motion") (docket no. 104), which Defendant filed on October 7, 2020.

"District courts are afforded broad discretion when ruling on requests for continuances, but continuances generally are not favored and should be granted only when the party requesting one has shown a compelling reason." *United States v. Jirak*, 728 F.3d 806, 815 (8th Cir. 2013) (alteration and internal quotation marks omitted) (quoting *United States v. Cotroneo*, 89 F.3d 510, 514 (8th Cir. 1996)).  "In determining whether to grant a continuance, the trial judge must balance the asserted need for the continuance against the hardship of the resulting delay, and should also consider the complexity of the case, the diligence of the party requesting a continuance, and the conduct of the opposing party." *United States v. Farlee*, 757 F.3d 810, 821 (8th Cir. 2014), *cert. denied*, 135 S. Ct. 504 (2014) (citing *United States v. Coronel-Quintana*, 752 F.2d 1284, 1287-88 (8th Cir. 1985)).  When balancing the foregoing factors, the court may also consider: "whether a delay will seriously disadvantage either party," potential prejudice to the defendant and how the continuance weighs against the defendant's interest in a speedy trial. *See* Speedy Trial Act of 1974, 18 U.S.C. § 3161(h)(1)-(h)(7) (stating when a continuance is "excludable" from the time allotted

for a speedy trial); *see also United States v. Roberts*, 787 F.3d 1204, 1212 (8th Cir. 2015); *United States v. Dunn*, 723 F.3d 919, 928 (8th Cir. 2013); *United States v. Moe*, 536 F.3d 825, 831 (8th Cir. 2008). "Because this balancing requires familiarity with the parties and particular circumstances of the case, the trial court retains broad discretion to grant a continuance." *Farlee*, 757 F.3d at 821 (citing *Morris v. Slappy*, 461 U.S. 1, 11 (1983)).

In the instant case, the court finds that the reasons advanced by Defendant for the continuance serve the ends of justice and outweigh the interests of the public and Defendant's right to a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). Accordingly, for good cause shown, the Motion is **GRANTED**. The trial scheduled for November 2, 2020, is hereby **continued to commence beginning on Monday, March 22, 2021 at 8:30 a.m. (MST)**. Further, for the reasons set forth above, the time from the date of the motion to the time of trial is excluded for purposes of the Speedy Trial Act. *Id*. Additionally, the court **DIRECTS** the parties to confer on deadlines and a date for the Final Pretrial Conference and advise the court accordingly **by not later than Monday, November 2, 2020**.

**IT IS SO ORDERED**.

**DATED** this 15th day of October, 2020.

_____
LINDA R. READE, JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA