IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-CR-50156-LRR |
| Plaintiff, | |
| vs. | ORDER |
| HOLLI LUNDAHL, | |
| Defendant. | |

_____

The matter before the court is Defendant Holli Lundahl's pro se Motion on Post-Hearing Objections ("Motion") (docket no. 141), which Defendant filed on March 1, 2021. Ordinarily, the court would respond to the Motion by tackling each issue in turn. However, the court will not do so in response to this Motion for the following reasons: (1) many of the subjects on which Defendant offers her opinions have already been raised in pretrial motions which are currently pending or have already been decided; (2) Defendant makes frivolous and unfounded accusations against the undersigned judge and the judges in the District of South Dakota, as well as the Chief Judge of the Eighth Circuit Court of Appeals, standby counsel, Thomas Diggins, who was appointed by the court, and Assistant United States Attorney Eric Kelderman; and (3) the current Motion misstates this court's statements at the final pretrial conference held on February 26, 2021. The transcript of the final pretrial conference is the official record of the proceedings.

The court set a hearing for March 2, 2021 to address Defendant's list of requested subpoenas. *See* Exhibits GGG-JJJ (docket no. 141-1). The court denied Defendant's request to subpoena Maryanne Barry, John B. Larson, Jerrold Nadler and Michelle, Operator 21C for the reasons stated on the record. These individuals know nothing about Defendant's case and their testimony would not be of assistance to the jury. Therefore,

these subpoenas will not issue, and this court will not authorize witness fees or expenses for any witnesses.

On February 26, 2021, at the final pretrial conference, the court clarified with Defendant the role of standby counsel, Thomas Diggins. Even though Defendant is adamant that she wants to represent herself, in fact, she wanted Mr. Diggins to be co-counsel on and off during the pretrial and trial. Defendant is not entitled to hybrid representation. *See McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984) (providing that a defendant has no entitlement to hybrid representation). Mr. Diggins is an observer and assists the court at times to explain processes to Defendant. As discussed at the February 26, 2021 final pretrial conference, Mr. Diggins has received discovery from the United States Attorney, which he has available in his office for Defendant to review for trial. This has been one of his responsibilities since he was appointed as standby counsel. Mr. Diggins is not Defendant's law clerk or secretary. The United States Clerk of Court for the District of South Dakota has accommodated Defendant, filing her documents and providing copies of filed documents. Apparently, Mr. Diggins has been assisting with court documents as well. Defendant's accusation that she missed the court's deadline for submitting jury instructions and objections to instructions because she did not have the court's order is suspect, in light of the fact that this process has been set forth in court orders since May 2020 and she has abided by other deadlines or asked for an extension of deadlines set in the same orders. The court's order on instructions, *see* docket no. 140, provides for further instructions being added to the packet of instructions as appropriate so there is no prejudice to Defendant.

Several times during the February 26, 2021 final pretrial conference, Defendant's conduct in the courtroom was belligerent, non-compliant with the court's directions, disrespectful and unnecessarily loud, thus disrupting the orderly progress of the hearing. The court warned Defendant that her right to represent herself at trial could be forfeited if she continues to behave in such a fashion. *See Faretta v. California*, 422 U.S. 806, 834 n.46 (1975) (providing that a trial judge "may terminate self-representation by a

defendant who deliberately engages in serious and obstructionist misconduct"). The court advised that, in the event that Defendant was not allowed to proceed pro se, Mr. Diggins would become counsel for her. In the instant Motion, Defendant seeks to remove Mr. Diggins as standby counsel. The Motion is frivolous. Defendant has no authority to do so. Moreover, there is no basis for his removal and were the court to replace Mr. Diggins, it is clear that Defendant would not work with substitute counsel either. Mr. Diggins will remain standby counsel and be prepared to become counsel of record should the court determine Defendant has forfeited her right to proceed pro se. This is the court's ruling whether Mr. Diggins remains standby counsel or becomes Defendant's attorney.

There is simply no factual or legal basis for a transfer of this case out of the District of South Dakota and no factual or legal basis for the undersigned to recuse herself. Were another judge to take over this case, Defendant would attack that judge, as she has attacked the undersigned, because Defendant does not understand or accept the law and rules as written, does not accept judicial authority and seeks to delay her trial.

Accordingly, the Motion (docket no. 141) is **DEINED**.

**IT IS SO ORDERED**.

**DATED** this 11th day of March, 2021.

_____
LINDA R. READE, JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA