## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH DAKOTA
## WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-CR-50156-LRR |
| Plaintiff, | |
| vs. | **ORDER** |
| HOLLI LUNDAHL, | |
| Defendant. | |

_____

### *I.  INTRODUCTION*

The matter before the court is Defendant Holli Lundahl's pro se "Second Motion to Dismiss Action on the Grounds of Failure to Produce *Brady*/*Giglio* Evidence Referenced Herein in a Timely Manner, and for Failing to Produce the Requested Impeachment Evidence Against Witnesses Broom, Tolsma and SA Terrance Bell" (docket no. 116), which was filed on February 12, 2021; Defendant's pro se "Motion to Dismiss Charges Set Forth in Count III of Second Superseding Indictment for Failure to State a Criminal Offense" (docket no. 126), which was filed on February 18, 2021; Defendant's pro se "Motion to Dismiss the Second Superseding Indictment with Prejudice on Grounds of (1) Witness Tampering with a Defense Witness[,] (2) For Knowing Concealment of Laws witch Strip the Courts of Probable Cause, and (3) Knowing Subordination of Perjury before the Second Superseding Grand Jury" (docket no. 128), which was filed on February 18, 2021; Defendant's pro se Motion to Dismiss All Charges in the Second Superseding Indictment Based on Judicial Estoppel, Collateral Estoppel, Res Judicata, Estoppel by Acquiescence and Multiplicity (docket no. 129), which was filed on February 18, 2021; and Defendant's pro se Motion to Prohibit the Government's Submission at Trial of Any Witnesses or Evidence (docket no. 133), which was filed on February 23, 2021.  On February 24, 2021, the government filed a "Memorandum in

Opposition to Defendant's Second Motion to Dismiss" ("Government's Brief") (docket no. 134), which addresses Defendant's filings at docket nos. 116, 126, 128 and 129.

## II.  ANALYSIS

### A.  Motion to Dismiss (Docket No. 116)

In the Motion, Defendant asserts that dismissal of the entire action is appropriate due to the government's failure to produce *Brady* and *Giglio* evidence and due to the government's failure to produce impeachment evidence against witnesses Broom, Tolsma and Bell.  *See* Motion at 1.  Specifically, Defendant contends that the government failed to produce an audio recording between Special Agent Tolsma and Special Agent Bell. *See id*. at 2.  According to Defendant, the audio recording proves that Tolsma received banking records from Bell, not via grand jury subpoenas.  *See id*.  Further, Defendant argues that the audio recording demonstrates "serious witness tampering between Tolsma and Bell."  *Id*. at 2-3.  Defendant also requests that the government provide her with the grand jury transcript in this matter and identify the grand jurors.  *Id*. at 4.

"A *Brady* violation occurs when the government fails to disclose 'all material evidence, whether impeachment or exculpatory, in its possession that is favorable to the defendant.'"  *United States v. Ruzicka*, ___ F.3d ___ , 2021 WL 561198, at *4 (8th Cir. Feb. 16, 2021) (quoting *United States v. Quintanilla*, 25 F.3d 694, 698 (8th Cir. 1994)). In order to demonstrate a *Brady* violation, a defendant must show that: "(1) the prosecution suppressed evidence; (2) the evidence was favorable to the defendant; and (3) the evidence was material."  *United States v. Szczerba*, 897 F.3d 929, 941 (8th Cir. 2018) (quoting *United States v. Spencer*, 753 F.3d 746, 748 (8th Cir. 2014)).  "Evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different."  *Ruzicka*, 2021 WL 561198, at *4 (quotation omitted).

The court has reviewed the audio recording and finds that it is not *Brady* evidence. Nothing in the audio recording is favorable to the Defendant.  The audio recording is not material to this matter.  The government did not suppress the audio recording because

the government was not aware of its existence until Defendant brought it to the government's attention in the instant Motion. Moreover, the government represents that it obtained the bank records pursuant to grand jury subpoenas.[1] Further, the government has produced the bank records to Defendant, as well as copies of the grand jury subpoenas used to obtain the records. Additionally, the court finds no evidence of witness tampering based on the audio recording.[2] Accordingly, the Motion to Dismiss (docket no. 116) is denied.

As for Defendant's request for pretrial disclosure of grand jury materials and transcripts, "[i]t has long been recognized that the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings. This principle is reflected in Rule 6(e) which establishes a general rule of confidentiality for all matters occurring before the grand jury." *United States v. McDougal*, 559 F.3d 837, 840 (8th Cir. 2009). "Exceptions to the rule of nondisclosure will be made only where there is a 'particularized need.'" *United States v. Haire*, 103 F.3d 697, 699 (8th Cir. 1996). Defendant has shown no particularized need, and, therefore, her request for grand jury materials and transcripts is denied.

### B. Motion to Dismiss (Docket no. 126)

In the Motion, Defendant argues that Count 3 of the Second Superseding Indictment should be dismissed for failure to state a criminal offense. *See generally* Motion at 1-5.

Federal Rule of Criminal Procedure 12(b)(3)(B)(v) provides that a defendant may move to dismiss an indictment for failure to state a criminal offense. Pursuant to Fed.

---

[1] In an attempt to clarify the record as to the method used to obtain Defendant's bank records, the court has scheduled an evidentiary hearing on March 15, 2021 at 9:00 a.m. (MST). At the hearing, the parties will have an opportunity to present evidence and provide the law which applies if there is a violation of the Right to Financial Privacy Act.

[2] The issue of witness tampering will be discussed further in the court's consideration of Defendant's Motion to Dismiss (docket no. 128).

R. of Crim. P. 7(c)(1), a criminal indictment must contain "a plain, concise, and definite written statement of the essential facts constituting the offense charged." *Id*. An indictment properly states a criminal offense if "it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he [or she] must defend, and alleges information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution." *United States v. Sewell*, 513 F.3d 820, 821 (8th Cir. 2008) (quoting *United States v. Hernandez*, 299 F.3d 984, 992 (8th Cir. 2002)). "An indictment is normally sufficient if its language tracks the statutory language." *Sewell*, 513 F.3d at 821. "This is a low bar, and an indictment normally will be found valid unless it is 'so defective' that no reasonable construction of it properly charges the offense for which the defendant is being tried." *United States v. Marrowbone*, No. 3:14-CR-30071-RAL, 2014 WL 6694781, at *1 (D.S.D. Nov. 26, 2014). "Ordinarily, the [c]ourt's assessment is limited to the 'four corners' of the Indictment, and the [c]ourt should studiously avoid the consideration of evidence from sources beyond the Indictment." *United States v. Prentice*, 683 F.Supp.2d 991, 1005 (D. Minn. 2010) (citing *United States v. Hall*, 20 F.3d 1084, 1087 (10th Cir. 1994)).

Here, considering the "four corners" of the Second Superseding Indictment, it is clear that, on its face, the text of Count 3 tracks the language of the statute, 18 U.S.C. § 1001, and states the approximate time frame that the offense was allegedly committed. Count 3 of the Second Superseding Indictment contains the essential elements of the offense and fairly informs Defendant of the charge against her. Based on the foregoing, the court finds that Count 3 of the Second Superseding Indictment is valid. Accordingly, the Motion to Dismiss (docket no. 126) is denied.

### C. Motion to Dismiss (Docket no. 128)

In the Motion, Defendant asserts that dismissal of the entire action is required due to: (1) witness tampering with a defense witness, Marti Lundahl, Defendant's sister; (2) lack of subject matter jurisdiction; and (3) subornation of perjury before the grand jury.

Defendant's claim of witness tampering lacks merit. Law enforcement did not interview Marti Lundahl for this case. The conversation between Tolsma and Bell regarding Marti Lundahl's mental condition and whether an interview with her should be attempted does not constitute witness tampering. Further, the conversation between Tolsma and Bell is not even close to being "so outrageous" that dismissal of this action would be required. *See United States v. Combs*, 827 F.3d 790, 794 (8th Cir. 2016) (providing that, "in rare instances, the investigative methods employed by law enforcement could be 'so outrageous that due process bars the government from invoking the judicial process to obtain a conviction'" and such actions would violate fundamental fairness and shock the universal sense of justice) (quoting *United States v. King*, 351 F.3d 859, 867 (8th Cir. 2003)).

Defendant's claim regarding subject matter jurisdiction also lacks merit. In the Motion, Defendant asserts that this action should be dismissed "for knowing concealment of laws which strip the courts of probable cause and hence criminal subject matter jurisdiction." Motion at 1. Defendant offers no facts to support her assertion, nor does she cite to any authority to support her argument. The court has subject matter jurisdiction over this case and Defendant's assertion to the contrary is frivolous. Indeed, United States district courts have jurisdiction over all federal criminal offenses. *See* 18 U.S.C. § 3231 ("The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States.").

Defendant's claim regarding subornation of perjury before the grand jury lacks merit. Generally, all matters before a grand jury are confidential. *See McDougal*, 559 F.3d at 840 (recognizing that the proper functioning of the grand jury system depends upon the secrecy of grand jury proceedings). Because Defendant is not privy to the grand jury proceedings, she cannot show the subornation of perjury. Further, as discussed above, Defendant has shown no particularized need, and therefore, to the extent she is requesting grand jury materials and transcripts, such a request is denied. *See Haire*, 103

F.3d at 699.

Accordingly, for the foregoing reasons, the Motion to Dismiss (docket no. 128) is denied.

### D.  Motion to Dismiss (Docket No. 129)

In the Motion, Defendant raises several arguments regarding dismissal of this action.  First, while it is not clear from the Motion, Defendant appears to argue that findings of a Social Security Administration ("SSA") Administrative Law Judge ("ALJ"), which apparently relate to her, constitute res judicata and estoppel, requiring dismissal of this action.  *See generally* Motion at 5-7.  Defendant's argument lacks merit.

"Under the doctrine of res judicata, when a court enters a final judgment on the merits of a cause of action, 'the parties and their privies are thereafter bound "not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose."'"  *Morse v. C.I.R.*, 419 F.3d 829, 833 (8th Cir. 2005) (quoting *Commissioner v. Sunnen*, 333 U.S. 591, 597 (1948), in turn quoting *Cromwell v. Sac County*, 94 U.S. 351, 352 (1876))).  "Res judicata is available only where '(1) the prior judgement was entered by a court of competent jurisdiction;  (2) the decision was a final decision on the merits;  and (3) the same cause of action and the same parties or their privies were involved in both cases.'"  *Morse*, 419 F.3d at 833-34 (quoting *United States v. Brekke*, 97 F.3d 1043, 1047 (8th Cir. 1996)).  "The government may have both a civil and a criminal cause of action as a result of a single factual situation[.]"  *Morse*, 419 F.3d at 834 (quotation omitted).  Defendant's proceedings before the SSA and the findings of the ALJ were conducted in a civil proceeding.  This is a criminal proceeding that involves a different cause of action.  Thus, the court finds that res judicata is not applicable to the issue of dismissal of this criminal action.

Further, the Eighth Circuit Court of Appeals has recognized that, while "estoppel defenses may, at times, be asserted against the government, we have not used estoppel to bar a criminal prosecution."  *United States v. Morse*, 613 F.3d 787, 792 (8th Cir.

6

2010).  In *Morse*, the Eighth Circuit also stated that "[t]he Supreme Court has 'repeatedly indicated that an estoppel will rarely work against the government . . . and we recently stated that a private party trying to estop the government has a heavy burden to carry.'" 613 F.3d at 792 (quoting *United States v. Garp*, 368 F.3d 824, 831 (8th Cir. 2004)). Defendant's argument has not met the heavy burden of judicial estoppel, as her argument lacks specificity, reasons, explanations and applicable case law for the proposition that an ALJ's findings in a completely different non-criminal proceeding are relevant to the judicial estoppel issue of dismissal of this criminal action.

Second, Defendant argues that Counts 1 and 2 were not sufficiently pled under Fed. R. Crim. P. 7(c)(1).[3]  *See generally* Motion at 8-13.  Fed. R. of Crim. P. 7(c)(1) provides that a criminal indictment must contain "a plain, concise, and definite written statement of the essential facts constituting the offense charged."  *Id*.  On its face, the text of Counts 1-3 of the Second Superseding Indictment tracks the language of the statutes, 18 U.S.C. § 641, 42 U.S.C. § 1383 and 18 U.S.C. § 1001, and states the approximate time frame that the offenses were allegedly committed.  Counts 1-3 of the Second Superseding Indictment also contain the essential elements of the offense and fairly inform Defendant of the charges against her.  Accordingly, the court finds that Counts 1-3 of the Second Superseding Indictment were sufficiently pled under Fed. R. Crim. P. 7(c)(1).  To the extent that Defendant argues that all of the elements of Count 2 cannot be established at the trial, such an argument is not grounds for dismissal, as it goes to the sufficiency of the evidence, not the sufficiency of the pleading.  *See United States v. Ferro*, 252 F.3d 964, 968 (8th Cir. 2001) ("[S]o long as the indictment contains a facially sufficient allegation, . . . federal criminal procedure does not 'provide for a pre-trial determination of sufficiency of the evidence.'") (quoting *United States v. Critzer*, 951 F.2d 306, 307-308 (11th Cir. 1992)).

---

[3] While not entirely clear from the Motion, it appears that Defendant also believes that Count 3 was not sufficiently pled.

Third, Defendant argues that Count 2 of the Second Superseding Indictment should be dismissed because it is multiplicitous of Count 3 of the Second Superseding Indictment. *See generally* Motion at 13-15. "An indictment is multiplicitous if it charges the same crime in separate counts." *United States v. Platter*, 514 F.3d 782, 785 (8th Cir. 2008). "Multiple punishments for the same criminal offense are barred by the Double Jeopardy Clause of the Fifth Amendment." *United States v. Roy*, 408 F.3d 484, 491 (8th Cir. 2005). In order to show a violation of the Double Jeopardy Clause, "a defendant must show that the two offenses charged are in law and fact the same offense." *Id*. (quoting *United States v. Bennett*, 44 F.3d 1364, 1368 (8th Cir. 1995)). "When there is ambiguity as to whether a violation of two different statutory provisions constitutes separate offenses allowing for multiple punishments, courts apply the rule of statutory construction set forth in *Blockberger v. United States*, 284 U.S. 299, 304 (1932)." *United States v. Palega*, No. CR 07-30010(01), 2007 WL 9725174, at *2 (D.S.D. Oct. 19, 2007) (citing *Whalen v. United States*, 445 U.S. 684, 691-92 (1980)). In *Blockberger*, the Supreme Court explained that, "[w]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not." 284 U.S. at 304.

Here, Counts 2 and 3 of the Second Superseding Indictment charge two distinct statutory provisions, 42 U.S.C. § 1383a(a)(3)(A) (Count 2) and 18 U.S. § 1001 (Count 3). Applying the *Blockberger* test, it clear that, on the face of the Indictment, Counts 2 and 3 require proof of facts which the other does not. Indeed, Count 2 has a knowledge requirement that Count 3 does not have. Therefore, the court finds that Counts 2 and 3 of the Second Superseding Indictment are not multiplicitous.

Accordingly, for the foregoing reasons, the Motion to Dismiss (docket no. 129) is denied.

### E.  Motion on Prohibition of Government's Witnesses and Evidence at Trial (Docket No. 133)

In the Motion, Defendant asserts that the government has not complied with Fed. R. Crim. P. 16(a)(1)(E), and, therefore, should not be allowed to present evidence or witnesses at the trial.  *See generally* Motion at 1-4.  While not entirely clear, it appears from the Motion that Defendant is complaining that the government has not shared with her the government's witness lists, exhibit lists or discovery file.  *See id*.  The court notes that Rule 16(a)(1)(E) addresses discovery documents in possession of the government. *See id*. ("Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies of portions of any of these items, if the item is within the government's possession, custody, or control.").  Rule 16(a)(1)(E) does not set deadlines for disclosure and does not address trial witness lists or trial exhibit lists. At the pretrial hearing, the government stated that it would share exhibit and witness lists with Defendant prior to the trial.  The government has also produced its discovery file and the documents inside the file are housed at standby counsel Thomas Diggins's office for Defendant's review.  Based on the record before the court, the court finds that the Motion is both frivolous and meritless.  Accordingly, the Motion (docket no. 133) is denied.

### III.  CONCLUSION

In light of the foregoing, it is hereby **ORDERED**:

(1) Defendant's Motion to Dismiss (docket no. 116) is **DEINED**;

(2) Defendant's Motion to Dismiss (docket no. 126) is **DENIED**;

(3) Defendant's Motion to Dismiss (docket no. 128) is **DENIED**;

(4) Defendant's Motion to Dismiss (docket no. 129) is **DENIED**; and

(5) Defendant's Motion to Prohibit Government's Submission at Trial of Any Witnesses or Evidence (docket no. 133) is **DENIED**.

**IT IS SO ORDERED**.

**DATED** this 15th day of March, 2021.

LINDA R. READE, JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA