IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>HOLLI LUNDAHL,<br><br>    Defendant. | No. 19-CR-50156-LRR<br><br>**ORDER** |

_____

The matters before the court are Defendant Holli Lundahl's pro se Motion in Limine (docket no. 125), which Defendant filed on February 18, 2021 and pro se Motion to Suppress Bank Records (docket no. 130), which Defendant filed on February 19, 2021. The court notes that the Amended and Substituted Scheduling and Case Management Order (docket no. 114), which was filed on January 25, 2021, set a deadline of February 15, 2021 for the filing of all trial motions. *See id*. at 1. On February 16, 2021, the court extended that deadline to February 18, 2021 in response to a motion for extension which Defendant emailed to this court's chambers on February 15, 2021. *See* February 16, 2021 Order (docket no. 120). Defendant's motion for extension was later filed on February 17, 2021. *See* docket no. 122. The motion to suppress was not timely filed. Additionally, the Amended and Substituted Scheduling and Case Management Order states that "[n]o motions will be entertained unless they are accompanied by a reasoned memorandum setting forth the precise issues to be considered by the court, together with an explanation of the relevant law to the particular facts of the case." *Id*. at 2. Defendant's motions do not comply with this requirement.

On March 19, 2021, the court held an evidentiary hearing on the Motions. The government was represented by Assistant United States Attorney Eric Kelderman and Defendant appeared personally. Standby Counsel Thomas Diggins was also present at

the hearing. During the hearing, Mr. Diggins was appointed to represent Defendant and Defendant's pro se status was revoked.

In the Order Setting Evidentiary Hearing (docket no. 144), which was filed on March 2, 2021, the court ordered that, "[b]y not later than March 12, 2021, Ms. Lundahl must file a memorandum that: (1) sets forth the specific section(s) of the [Right to Financial Privacy Act ("RFPA")] that she claims the government violated and any rules or federal case law that support her position; and (2) cites any statutory provisions or case law that sets forth the remedy for a violation of the RFPA." March 2, 2021 Order at 1. The government was also ordered to file a similar memorandum. *See id*. On March 12, 2021, the government filed a "Memorandum of Law Regarding the Right to Financial Privacy Act" (docket no. 170). Defendant did not file a memorandum as ordered by the court.

### *DEFENDANT'S MOTION TO SUPPRESS*

In the Motion to Suppress Bank Records ("Motion") (docket no. 130), Defendant argues that bank records from America First Credit Union, Trona Valley Credit Union and Bank of the West should be suppressed because the bank records were "seized in violation of the RFPA by Diana Broom of the SSA office in Rapid City commencing in early 2017 and by [Special Agent] Bell out of Wyoming, the latter who conveyed the violated records to the government's investigatory in this action, Lyle TOLSMA sometime after January 30, 2020[.]" Motion at 1. Defendant alleges that Diana Broom issued administrative subpoenas to America First Credit Union and Bank of the West in violation of the RFPA. *See id*. at 2. Defendant also alleges that Special Agent Bell executed a search warrant on her Trona Valley Federal Credit Union bank account and emailed Special Agent Tolsma the Trona Valley Federal Credit Union back records. *Id*. at 3. Defendant maintains that "[a]t no time was Defendant . . . ever served copies of the administrative subpoenas that were issued by BROOM or [Special Agent] Bell, nor w[as she] given any other required notice under the Right to Financial Privacy Act . . . to acquire these bank records over the years, at least beginning in 2016." *Id*. Defendant

2

concludes that, "[b]ecause the [g]overnment has violated the procedural requirements of the RFPA, all of the foregoing bank records must be suppressed as a matter of law." *Id*.

In *United States v. Miller*, 425 U.S. 435 (1976), the United States Supreme Court held that an individual has no legitimate expectation of privacy to the contents of bank records under the Fourth Amendment. *See id*. at 442-43; *see also Presley v. United States*, 895 F.3d 1284, 1291 (11th Cir. 2018) (discussing *Miller's* holding that individuals lack a reasonable expectation of privacy in financial records held by a bank). However, "[i]n response to the broad sweep of *Miller*, Congress enacted the RFPA," which "prohibits financial institutions from supplying the government with information about their customers' financial records, unless the customer authorizes the disclosure of such information or the government obtains a valid subpoena." *Id*. at 1292 (citing 12 U.S.C. § 3402). Furthermore, in *United States v. Pierre*, No. 13-129 (DWF/FLN), 2013 WL 6916377, at *2 (D. Minn. Dec. 30, 2013), the court explained that:

> Although the [RFPA] establishes statutory rights to privacy of an individual's financial records, it also permits [g]overnment seizure of such records when necessary as part of the [g]overnment's legitimate law enforcement activity. 12 U.S.C. § 3406-07 and § 3413. Notably, the Act does not contemplate suppression of financial records obtained by the [g]overnment in violation of the Act. *United States v. Kington*, 801 F.2d 733, 737 (5th Cir. 1986) ("Congress was surely cognizant that in *Miller* the Court denied suppression as a remedy for a purported Fourth Amendment violation. It's failure to change the effect of *Miller* is strong evidence that Congress did not intend such a remedy.") Thus, even if the [c]ourt were to conclude that the [g]overnment violated the Act, the remedy sought by [d]efendants is not available under the RFPA.

*Id*.

"Under the RFPA, the government may have access to, or obtain copies of, information contained in a customer's financial records from a financial institution only if the customer authorizes the disclosure, the government obtains an administrative or judicial subpoena or summons, or the records are sought pursuant to a search warrant or formal written request." *Anderson v. La Junta State Bank*, 115 F.3d 756, 758 (10th Cir.

3

1997) (citing 12 U.S.C. § 3402). However, "[u]nless certain exceptions apply, the RFPA requires the [g]overnment to give the customer notice of its intent to obtain the financial records and an opportunity to contest the [g]overnment's action." *Thomas v. United States Dept. of Interior*, No. 2:17-cv-405-FtM-99MRM, 2017 WL 3172407, at *2 (M.D. Fla. July 24, 2017) (citing 12 U.S.C. §§ 3405-3408). "Records obtained pursuant to grand jury subpoena or court order respecting a grand jury proceeding are exempted from the RFPA's notice requirements." *Bansal v. Russ*, 513 F.Supp.2d 264, 276 (E.D. Penn. 2007); *see also In re Grand Jury Proceedings*, 636 F.2d 81, 84 (5th Cir. 1981) ("Under Section 3413(i) . . . disclosure pursuant to issuance of a subpoena or court order respecting a grand jury proceeding is exempted from all provisions of the Act[.]"). 12 U.S.C. § 3413(i) provides in pertinent part:

> Nothing in this chapter . . . shall apply to any subpoena or court order issued in connection with proceedings before a grand jury, except that a court shall have authority to order a financial institution, on which a grand jury subpoena for customer records has been served, not to notify the customer of the existence of the subpoena or information that has been furnished to the grand jury. . . .

*Id.*; *see also In re Grand Jury Subpoena*, 41 F.Supp.2d 1026, 1032 (D. Alaska 1999) (citing § 3413(i) and providing that "federal grand jury subpoenas were specifically exempted from the provisions of the RFPA requiring notice to customers and an opportunity for them to challenge a request for financial records"). Moreover, the "RFPA does not limit [the g]overnment's ability to issue grand jury subpoenas for financial records and then use the records produced in response to a grand jury subpoena in a subsequent criminal prosecution pursuant to an indictment returned by the grand jury." *United States v. Jenkins*, 90 F.Supp.3d 76, 80 (N.D.N.Y. 2015) (citing 12 U.S.C. §§ 3413(i) and 3420(a)(2)).

Finally, if the RFPA is violated, "suppression is not an available remedy, nor is dismissal of an indictment." *United States v. Davis*, 953 F.2d 1482, 1496 (10th Cir. 1992); *see also Kington*, 801 F.2d at 737 (finding that "suppression of evidence is

4

nowhere mentioned as a remedy for violation of the [RFPA]"); *United States v. Frazin*, 780 F.2d 1461, 1466 (9th Cir. 1986) (finding that, "[a]lthough Congress did not explicitly address the availability of a suppression remedy during its consideration of the [RFPA], we find that remedy to be excluded under section 3417(d)").

As demonstrated at the evidentiary hearing, the bank records Defendant seeks to exclude were obtained by grand jury subpoenas, and, therefore may be used as evidence in the subsequent trial. *See* 12 U.S.C. § 3413(i); *Bansal*, 513 F.Supp.2d at 276; *In re Grand Jury Proceedings*, 636 F.2d at 84; *In re Grand Jury Subpoena*, 41 F.Supp.2d at 1032; *Jenkins*, 90 F.Supp.3d at 80. Because the bank records Defendant seeks to exclude were obtained by the government pursuant to grand jury subpoenas, Defendant's complaints regarding Diana Broom, Special Agent Bell and Special Agent Tolsma are irrelevant to the present issue. Further, even if the bank records were obtained improperly, suppression is not an available remedy under the RFPA. *See Davis*, 953 F.2d at 1496; *Kington*, 801 F.2d at 737; *Frazin*, 780 F.2d at 1466. Accordingly, for the foregoing reasons, and, for the reasons stated on the record at the evidentiary hearing, Defendant's Motion to Suppress Bank Records (docket nos. 130) is denied.

## *DEFENDANT'S MOTION IN LIMINE*

In the Motion in Limine, Defendant moves to prohibit the government "from using or submitting at the time of trial (1) any bank record seized in violation of the RFPA, . . . (2) any an all testimony, evidence or contest re[garding] conveyance of the Texas Deed . . . given the witness tampering with the notary of those deeds, i.e. Marti Telford . . . (3) any evidence or testimony re[garding] any bank account or real estate holdings attributed to Defendant prior to the estoppel date of October 31, 2017; (4) any bad acts evidence under rule 404(b); [a]ny testimony of Diana Broom as an expert witness given knowing perjury before the Grand Jury, (5) all testimony and evidence that is estopped from re-litigation under various estoppel arms of the double jeopardy clause, and (6) [the] matter concerning a dispute re[garding] a photocopied notice of appeal submitted to [J]udge Viken in the Bradeedn [(*sic*)] Matter." Motion in Limine at 2. Defendant's

Motion in Limine is two pages,[1] and, while Defendant cites some general case law, she offers no argument or explanation as to why any of the motions in limine that she requests should be granted. *See generally id*. at 2-3. Instead, Defendant's Motion in Limine primarily focuses on testimony involving Marti Telford. Specifically, Defendant states that:

> Given the evidence presented to this court to date with respect to deliberate lies contain[ed] in the OIG report and impeached by more than 7 audio-recordings filed with the court, given the planned effort to win the prosecution by admittedly tampering with a proclaimed defense witness by scheming to use BROOM's office to run a sham competency proceeding on Marti Telford . . . and in essence administratively decree[ing] MARTI as suffering from serious mental defects that would have materially impacted the honesty and fairness of both criminal prosecutions in this jurisdiction and in Wyoming; retaliating against Marti by suspending her SSI benefits which in hand also deprived Marti of Medicaid services . . . conducting a fishing expedition on Defendant for more than 4 years to find any evidence of a crime against Defendant, and then knowingly creating a history of notices by the SSA dating back to 2009 and which in fact the majority never existed, falsifying an overpayment letter in 2004, etc., etc. all the while knowing that all matters predating October 31, 2017 were precluded from re-litigation, justifies dismissal of this action, but in lieu thereof, preclusion of any testimony or evidence that would involve MARTI.

*Id*. at 3.

Defendant's first motion in limine seeks exclusion of bank records "seized in violation of the RFPA." Motion in Limine at 1. As discussed above, the bank records Defendant seeks to exclude were obtained by grand jury subpoenas and were not obtained in violation of the RFPA. Accordingly, Defendant's first motion in limine is denied.

Defendant's second motion in limine seeks exclusion of a Texas Deed based on witness tampering with Marti Telford. In the motion, Defendant provides no context or explanation for why the Texas Deed should be excluded or how allegations of witness tampering with Marti Telford are related to the Texas Deed. Instead, the motion focuses

---

[1] Page 1 of the Motion in Limine is only the caption for the motion.

on witness tampering with Marti Telford as it relates to Social Security benefits. *See id*. The court has already repeatedly ruled that Marti Telford's social security benefits are not relevant to any issue in this case under Federal Rules of Evidence 401 and 403. *See* March 16, 2021 Order (docket no. 179) at 3. The court has also previously ruled that there was no attempt to influence the testimony of Marti Telford; in fact, Special Agents Bell and Tolsma did not interview Marti Telford. *See id*.; *see also* March 15, 2021 Order (docket no. 173) at 5. Moreover, at the Final Pretrial Conference, the court determined that issues with regard to Marti Telford were not relevant to this case, and the court explained this determination to Defendant. Accordingly, because Defendant's Motion in Limine lacks any discussion of why the Texas Deed should be excluded, and, because the court has already determined that there was no witness tampering with Marti Telford and that issues regarding Marti Telford were not relevant to this case, the court concludes that Defendant's second motion in limine must be denied.

Defendant's third motion in limine seeks exclusion of evidence or testimony regarding bank accounts or real estate holdings "attributed to the Defendant prior to the estoppel date of October 31, 2017." Motion in Limine at 2. In the motion, Defendant provides no context or explanation for why such evidence or testimony should be excluded. Furthermore, Defendant's motion lacks all specificity and citation to any applicable case law regarding estoppel. Moreover, as the court explained in its March 15, 2021 Order, the court Defendant failed to meet "the heavy burden of judicial estoppel." March 15, 2021 Order at 7 (citing *United States v. Morse*, 613 F.3d 787, 792 (8th Cir. 2010)). Accordingly, Defendant's third motion in limine is denied.

Defendant's fourth motion in limine seeks exclusion of any bad acts under Federal Rule of Evidence 404(b) and any testimony from Diana Broom as an expert witness "given knowing perjury before the Grand Jury." Motion in Limine at 2. Again, Defendant's fourth motion in limine lacks context, explanation, specificity, applicable case law and evidence to support the exclusion of bad acts or testimony from Diana Broom. Significantly, Defendant offers no evidence of perjury before the grand jury by

7

Diana Broom. Based on the lack of any support for the fourth motion in limine, court concludes that Defendant's fourth motion in limine must denied.

Defendant's fifth motion in limine seeks exclusion of all testimony and evidence that is estopped from re-litigation. Defendant's fifth motion in limine lacks context, explanation, specificity and applicable case law. Further, as explained above, Defendant failed to meet "the heavy burden of judicial estoppel." March 15, 2021 Order at 7. Additionally, in its March 15, 2021 Order, the court determined that "Defendant's proceedings before the [Social Security Administration] and the findings of the ALJ were conducted in a civil proceeding. This is a criminal proceeding that involves a different cause of action. Thus, the court finds that res judicata is not applicable to the issue of dismissal of this criminal action." *Id*.; *see also Morse*, 419 F.3d at 834 ("The government may have both a civil and a criminal cause of action as a result of a single factual situation."). Accordingly, Defendant's fifth motion in limine is denied.

Finally, Defendant's sixth motion in limine seeks exclusion of the "matter concerning a dispute re[garding] a photocopied notice of appeal submitted to [J]udge Viken in the Bradeedn [(*sic*)] [m]atter." Motion in Limine at 1. Defendant does not address this motion in limine any further. Defendant provides no context or explanation for what she wants excluded, for why it should be excluded or what its relevance is to this case. Accordingly, Defendant's sixth motion in limie is denied.

## *CONCLUSION*

In light of the foregoing, it is hereby **ORDERED**:

(1) Defendant's Motion to Suppress Bank Records (docket no. 130) is **DEINED**; and

(2) Defendant's Motion in Limine (docket no. 125) is **DENIED** in its entirety.
**IT IS SO ORDERED**.

**DATED** this 19th day of March, 2021.

_____
LINDA R. READE, JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA